**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| CHARLES G. LEWIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHALLENGE MFG. COMPANY, LLC., )<br>JOEL BORDERS, RODNEY PENSON, )<br>REGINALD MITCHELL, MICHELLE )<br>EMERSON, )<br>)<br>Defendant. ) | Case No. 4:22-cv-820<br><br>Jury Trial Demanded |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Challenge Mfg. Company, LLC ("Defendant" or "Challenge"), gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, Missouri. In support of this Notice of Removal, Defendant states as follows:

1. Plaintiff Charles G. Lewis commenced this civil action in the Circuit Court of St. Louis County, Missouri on or about June 22, 2022 by filing his Petition against Defendants in the cause styled *Charles G. Lewis v. Challenge Mfg. Company LLC*, Cause No. 22SL-CC03029.

2. On July 8, 2022, Defendant was served with a summons and copy of the state court petition.

3. This Notice of Removal is timely because it is filed within the 30-day period prescribed by 28 U.S.C. §§ 1441 and 1446.

4.     This action arises from Plaintiff's employment, and Defendant Challenge Mfg. Company, LLC was Plaintiff's employer. Plaintiff's attempts to bring a class action[1] breach of contract action "Concerning the Agreement Between Challenge Mfg. Company LLC and UAW, Local 828." (Petition, p. 3). Plaintiff appears to allege a breach of the duty of fair representation pursuant to Section 9(a) of the National Labor Relations Act ("NLRA"), 29 U.S.C. 159(a).[2] Specifically, Plaintiff alleges that "[a]ll union representatives have failed at their duties for not addressing in writing the grievances of their coworkers (possibly receiving kickbacks, raises, bonuses, and special favors)…"[3] (Petition, ¶ 25).

5.     Plaintiff's Petition further alleges that "the Agreement Between Challenge Mfg. Company LLC and UAW, Local 282Article 19- Grievance and Arbitration Procedure was never fully carried out." (Petition, ¶ 12). Plaintiff alleges that the labor contract is "doing harm to plaintiffs being that set plaintiffs cannot practice proper negotiation of any contract…" (Petition, ¶ 28).

## I.     FEDERAL QUESTION

6.     This action is a civil action over which this Court has original jurisdiction based on the existence of a federal question because Plaintiff's alleged claims substantially depend upon the

---

[1] Plaintiff appears to define his class as "All Union workers whom were employed under the (AGREEMENT BETWEEN Challenge Mfg. Company LLC and UAW, Local 282 May 2 2016 – May 1, 2020)." (*See* Petition, p. 2).
[2] Although it appears Plaintiff's purported claim arises under federal law for the purpose of 28 U.S.C. § 1331, Defendant maintains that Plaintiff has not stated a claim under Rule 12(b)(6) and that the Petition should be dismissed. Indeed, Plaintiff cites to the Federal Rules of Civil Procedure throughout his Petition and points to a lawsuit he filed on May 20, 2021 ("Cause No. 4:21-cv-00832-NCC") based on the same nucleus of operative facts. (Petition, ¶ 22).
[3] *See, e.g.*, *Smith v. Nat'l Football League Players Ass'n*, No. 4:14CV01559 ERW, 2014 WL 6776306, at *4 (E.D. Mo. Dec. 2, 2014) ("The complaint clearly alleges Defendants acted towards Plaintiffs, members of the collective bargaining unit at the time of the conduct, in bad faith, by alleging Defendants undertook fraudulent behavior against Plaintiffs. Any bad faith conduct by the union against a member of the collective bargaining unit is a breach of the duty of fair representation. The complaint does not state a claim on its face for breach of such a duty, but it is clearly present. All claims regarding bad faith by Defendants are claims of breach of the duty of fair representation.") (holding the duty of fair representation and § 301 of the LMRA completely preempt state law claims and removal was proper).

interpretation of a collective bargaining agreement and are preempted under Section 301 of the Labor Management Relations Act. *See* 28 U.S.C. § 1331; 29 U.S.C. § 185(a).

7. Under 28 U.S.C. § 1441(a), claims or causes of action presented in state court proceedings where the district courts of the United States have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States shall be removable without regard to the citizenship of the parties.

## II. DUTY FAIR REPRESENTATION PREEMPTION

8. Under the doctrine of complete preemption, this Court has original jurisdiction over Plaintiff's alleged state-law claims pursuant to 28 U.S.C. §§ 1337 and 1331 because Plaintiff has asserted a claim for breach of the federal duty of fair representation.

9. International Union, United Automobile, Aerospace and Agricultural Implement Workers of American and its Local Union 282 ("Union") is the exclusive bargaining agent of persons who are members of the bargaining unit(s) represented by the Union. This bargaining unit is comprised of employees of those employers who have recognized the Union as the exclusive bargaining representative for the members of the bargaining unit.

10. Plaintiff was a member of the Union at all relevant times alleged in the Petition.

11. Defendant is an employer who has recognized the Union as the exclusive bargaining representative for members of the bargaining unit.

12. A petition filed in state court may be removed to federal court if the state petition artfully pleads state claims that are completely preempted by the federal labor laws. *See, e.g.*, *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). The complete preemption doctrine "allows removal to a federal court even though the federal question does not appear on the face of the complaint." *King v. Hoover Group, Inc.*, 958 F.2d 219, 222 (8th Cir. 1992).

13. This action arises under Section 9(a) of the NLRA, 29 U.S.C. 159(a), because Plaintiff is alleging the violation of the exclusive federal "duty of fair representation" ("DFR") that arises by virtue of the Union's authority under NLRA Section 9(a) to act as the exclusive bargaining agent of the bargaining unit(s) of which Plaintiff is a member. As such, Plaintiff's purported state law claim is completely displaced and pre-empted by the duty of fair representation, allowing removal of his preempted claims to federal court. *See Breininger v. Sheet Metal Workers Int'l Ass'n Local Union No. 6*, 493 U.S. 67, 83-84 (1989) (holding DFR claims arise under the NLRA, such that federal jurisdiction lies under 28 U.S.C. § 1337(a), granting federal jurisdiction of any civil action "arising under any Act of Congress regulating commerce"); *Smith v. Nat'l Football League Players Ass'n*, No. 4:14CV01559 ERW, 2014 WL 6776306, at *5 (E.D. Mo. Dec. 2, 2014) (holding "claims for the breach of duty of fair representation are completely preempted); *BIW Deceived v. Industrial Union of Marine & Shipbuilding Workers of America Local S6, et al.*, 132 F.3d 824, 831-32 (1st Cir. 1997) (holding that "a district court possesses federal question jurisdiction when a complaint, though garbed in state-law raiment, sufficiently asserts a claim implicating the duty of fair representation").

14. Plaintiff's Petition expressly alleges a breach of the duty of fair representation. Specifically, Plaintiff alleges that "[u]nder the Agreement Between Challenge Mfg. Company LLC and UAW, Local 282Article 19-Grievance and Arbitration Procedure was never fully carried out" (Petition, ¶ 12); "Agreement Between Challenge Mfg. Company LLC and UAW, Local 282 Article 19-Grievance and Arbitration Procedure is never carried out in the history of Challenge Mfg. Company, LLC" (Petition, ¶ 13); "due to the inability to voice a grievance we are not even sure we are apart of any actual union" (Petition, ¶ 20); and "All union representatives have failed at their duties for not addressing in writing the grievances of their coworkers…" (Petition, ¶ 25).

15. The Union's authority to represent Plaintiff with respect to employers as the collective bargaining agent arises solely under NLRA § 9(a), which grants exclusive authority to a single representative of the bargaining unit employees. When the union assumes its authority to act as the exclusive bargaining agent, it also assumes its corresponding federal statutory duty of fair representation. *See, e.g.*, *Vaca v. Sipes*, 386 U.S. 171, 177 (1967) (stating that "the exclusive agent's statutory authority to represent all members of a designated unit includes a statutory obligation to serve the interest of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct"); *Beavers v. United Paperworkers Int'l Union*, 72 F.3d 97, 100 (8th Cir. 1995) (stating "[b]ecause a union enjoys the exclusive right to represent its members in the collective bargaining process, the federal labor laws impose upon the union a duty of fair representation 'akin to the duty owed by other fiduciaries to their beneficiaries.' This duty is breached 'when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith.'") (internal citations omitted).

16. Federal labor law completely preempts all state law claims that are premised upon a union's performance of its exclusive federal right, and corresponding exclusive duty, to represent all members of a particular bargaining unit. *See Vaca v. Sipes*, 386 U.S. at 177; *Anderson v. United Paperworkers Int'l Union*, 641 F.2d 574, 578 (8th Cir. 1981). Accordingly, the duty of fair representation completely preempts state breach of contract claims where the gravamen of the plaintiff's claim is that the union failed to properly represent the plaintiff's interest in exercising the authority conferred by Section 9(a) upon the exclusive bargaining agent. *See e.g.*, *Smith*, 2014 WL 6776306, at *5 ("where there is a claim for breach of duty of fair representation, it completely preempts state law claims.").

17. Plaintiff's Petition fundamentally complains of an alleged failure by the Union to adequately represent Plaintiff's interests. Such claims fall squarely within the scope of the duty of fair representation, which preempts all state-law claims seeking recovery based on such representation. *See, e.g.*, *Vaca v. Sipes*, 386 U.S. at 189 (holding jury verdict against union for refusing to arbitrate termination could not be upheld because jury had been allowed to impose liability on union under state-law standards "inconsistent with governing principles of federal law"); *Breininger v. Sheet Metal Workers*, 493 U.S. 67 (1989) (holding duty of fair representation applies to claims of union's discriminatory refusal to refer bargaining unit members for employment through union hiring hall, and the federal courts have federal jurisdiction to hear such claims); *Smith v. Local Union No. 110*, 681 F. Supp. 2d 995, 998 (D. Minn. 2010) (plaintiff who claimed the Union "'fail[ed] to represent' him in the negotiations with his employer" plainly alleged a removable "fair representation" claim); *Lindsey v. ATU Int'l*, 2008 WL 2434302, at *3 (N.D. Tex. June 17, 2008) (denying motion to remand where plaintiffs couched complaint in state law terms but were in reality claiming the union breached its duty of fair representation, and therefore, state law claims were preempted by DFR giving federal court jurisdiction); *See e.g.*, *Smith*, 2014 WL 6776306, at *9 (denying motion to remand where duty of fair representation and § 301 of the LMRA completely preempted plaintiffs' state law claims).

18. Because the federal duty of fair representation preempts all state-law claims seeking recovery based on such representation, Plaintiff's claim is completely preempted, and removable to federal court.

### III. SECTION 301 OF LABOR-MANAGEMENT RELATIONS ACT PREEMPTION

19. In addition, Section 301 of the Labor-Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, also completely preempts and allows removal of "claims founded

directly on rights created by collective-bargaining agreements, as well as claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Caterpillar Inc. v. Williams*, 482 U.S. 386, 394 (1987).

20. Plaintiff alleges that the Union failed to file a grievance regarding his alleged altercations with a coworker, in violation of the labor contract. Specifically, that Plaintiff asked the Union Representative "to file a grievance only for him to tell Rodney Penson About my request" (Petition ¶ 11)[4] and "Under the Agreement Between Challenge Mfg. Company LLC and UAW, Local 282 Article 19- Grievance and Arbitration Procedure was never fully carried out." (Petition ¶ 12). Plaintiff references his alleged inability to file a grievance throughout his Petition. (Petition ¶¶ 20, 25-26).

21. A state law claim is preempted by § 301 if its resolution "depends upon the meaning of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.,* 486 U.S. 399, 405-06, 108 S.Ct. 1877, 100 L.Ed.2d 410 (1988). "The Supreme Court has held that federal law exclusively governs suits for breach of a CBA and that 'the pre-emptive force of section 301 extends beyond state-law contract actions.'" *Williams v. Nat'l Football League*, 582 F.3d 863, 873-74 (8th Cir. 2009) (citing *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456 (1957) and quoting *United Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990)). Thus, § 301 completely preempts state law claims founded "directly on rights created by collective-bargaining agreements ["CBAs"] and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Elec. Workers v. Hechler*, 481 U.S. 851, 859 n.3 (1987). Specifically, where a state law claim is based on a collective bargaining agreement or is 'inextricably intertwined' with the contents of a collective bargaining agreement, the claim is subject to § 301(a) preemption."

---

[4] Rodney Penson was Plaintiff's supervisor.

*Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 799 (8th Cir. 1998) (quoting *Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 213 (1985)).

22. In order to establish a right to recovery against Defendant, Plaintiff must prove two essential elements of a "hybrid" § 301 action: (1) the Union breached its duty of fair representation in its handling of the grievance; and (2) the employer breached the collective bargaining agreement. *See, e.g., Chauffeurs, Teamsters & Helpers v. Terry,* 494 U.S. 558, 564 (1990)("Whether the employees sues both the labor union and the employer or only one of those entities, he must prove the same two facts to recover money damages: that the employer's action violated the terms of the collective bargaining agreement and that the union breached its duty of fair representation."); *Jones v. United Parcel Service,* 461 F.3d 982, 994 (8th Cir. 2006).

23. Plaintiff's claim is pre-empted by § 301 because it is necessarily founded on rights created by the collective bargaining agreement. Specifically, Plaintiff claims that the Union failed to file a grievance on his behalf in violation of the governing labor contract and that the Union and Challenge did not adhere to the labor contract. Plaintiff's right to file a grievance is governed by the terms of the applicable collective bargaining agreement.

24. Plaintiff's claims are necessarily founded on rights created by the collective bargaining agreement and are also substantially dependent on analysis of the collective bargaining agreement, because his right to recover requires that he: (1) establish that he was entitled to a grievance under the collective bargaining agreement (requiring an interpretation of the grievance procedures contained within the labor contract) and (2) establish a breach of the collective bargaining agreement. It follows that Plaintiff's claims are completely preempted and removable under LMRA § 301.

## IV. REMOVAL REQUIREMENTS ARE MET

25. Venue is proper in this Court because Plaintiff filed his state court petition in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District of Missouri, Eastern Division's jurisdiction. 28 U.S.C. § 1441(a).

26. By virtue of this Court's original jurisdiction, this case is properly removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b).

27. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice of its filing of this Notice of Removal to Plaintiff. Defendant will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

28. As required under 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Defendant are attached as Exhibit A.

29. In addition to this federal question jurisdiction, to the extent Plaintiff's Petition attempts to raise Missouri common law claims,[5] this Court would have supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because all claims arise out of a common nucleus of operative facts, and trying all claims in the same forum would provide economy and convenience to all parties. *See, e.g, OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 350 (8th Cir. 2007). Courts should "balance[e] factors such as judicial economy, fairness and comity in regard to exercise of supplemental jurisdiction over pendent state law claims . . . ." *Quinn v. Ocwen Fed. Bank FSB*, 470 F.3d 1240, 1248 (8th Cir. 2006). Here, any of Plaintiff's alleged state law claims arise out of his employment with Defendant, which is the same set of facts underlying his federal claim. Allowing this dispute to proceed in one court will promote judicial economy and fairness.

---

[5] In his prayer for relief, Plaintiff uses the terms "breach of contract," "fraud," "fiduciary duties," "tort of outrage," and "negligence." To the extent Plaintiff attempts to allege any claims under state law, these claims arise out of a common nucleus of operative facts.

30. Plaintiff's claims should be dismissed under Rule 12(b)(6), but this does not negate that the sparsely-pled facts appear to attempt to raise claims completely preempted by federal law. *Cancel v. Sewell,* No. 5:10-CV-273 CAR, 2011 WL 240132 at *3 (M.D. Ga. Jan. 24, 2011) ("Simply because a claim may be subject to attack in a Fed. R. Civ. P. 12(b)(6) dismissal motion does not mean that a federal court does not have subject matter jurisdiction to trigger removal so that the court can address the sufficiency of the complaint. The scope of federal jurisdiction is broader than the existence of a cause of action.").

31. In filing this Notice of Removal, Defendant does not waive any defense that may be available to it.

32. In accordance with 28 U.S.C. § 1446(b), all properly served Defendants to the action join and consent to removal of this action on the bases set forth herein.

## V.   CONCLUSION

Defendant Challenge Mfg. Company, LLC properly removes this case to federal court pursuant to 28 U.S.C. 1331 because Plaintiff's cause of action is completely preempted by federal law.

WHEREFORE, Defendant Challenge Mfg. Company, LLC respectfully requests that the above-titled action now pending against it in the Circuit Court of St. Louis County, State of Missouri, be removed therefrom to this Court.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ *Kelly M. Hayes*
R. Lance Witcher, #45940
Kelly M. Hayes, #42876
Madeline L. Brown, #72728
7700 Bonhomme Avenue, Suite 650
St. Louis, Missouri 63105
Telephone: 314-802-3935
Facsimile: 314-802-3936
lance.witcher@ogletree.com
kelly.hayes@ogletree.com
madeline.brown@ogletree.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on August 5, 2022, the foregoing was served via first class U.S. Mail to the following:

Charles G. Lewis
9927 Tam O Shanter Dr. #A
St. Louis, MO 63114
Pro.se.wars2017@gmail.com

/s/ *Kelly M. Hayes*
**ATTORNEY FOR DEFENDANT**

47656387.1