UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARLES G. LEWIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-00820-NCC |
| | ) |
| CHALLENGE MGF. COMPANY LLC, | ) |
| JOEL BORDERS, | ) |
| RODNEY PENSON, | ) |
| REGINALD MITCHELL, and | ) |
| MICHELLE EMERSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the Motion to Dismiss filed by Defendants Challenge Mgf. Company LLC, Michelle Emerson, and Rodney Penson (Doc. 16). Defendants filed a Memorandum in Support (Doc. 17). By order of the Court, self-represented Plaintiff Charles G. Lewis filed a Memorandum in Opposition (Doc. 23). Defendants filed a Reply (Doc. 24). For the following reasons, Defendants' Motion to Dismiss (Doc. 16) will be **GRANTED**.

### I. Background

Self-represented Plaintiff Charles G. Lewis ("Plaintiff") was an employee of Defendant Challenge Mfg. Company LLC ("Challenge Mfg.") with the job title Weld Production Manager (Doc. 17-2 at 1).[1] Plaintiff was subject to the May 2, 2016 – May 1, 2020 Collective Bargaining

---

[1] The Court may consider the Declaration of Michelle Emerson (Doc. 17-2). Plaintiff specifically referenced the declaration in his petition (Doc. 7 at 7) and does not dispute its contents. *See Campbell v. Qwest Commc'ns*, No. 8:07CV69, 2007 WL 1362448, at *1–2 (D. Neb. Apr. 25, 2007) (on a Rule 12(b)(6) motion to dismiss, court may consider documents specifically referenced in the complaint where their authenticity is not questioned); *Jenisio v. Ozark Airlines, Inc. Ret. Plan for Agent & Clerical Emps.*, 187 F.3d 970, 972 n.3 (8th Cir. 1999) (on a Rule 12(b)(6) motion to dismiss, court may consider documents upon which plaintiff's

Agreement between Challenge Mfg. and UAW, Local 282 ("CBA") (Doc. 17-1).[2] Plaintiff alleges as follows. From June through December 2019, Defendant Reginald Mitchell, another employee, was engaged in various forms of misconduct targeting Plaintiff (Doc. 7 at 3). Plaintiff sat down with plant management and Human Resources, but Mitchell's misconduct continued, including incidents in January and February of 2020 (*id.*). Plaintiff reported the matter to Union Representative Ernest Williams only to be ambushed by Defendant Mitchell, Defendant Joel Borders (Plant Manager), and Defendant Michelle Emerson (Human Resources Generalist) (*id.*). Mitchell's misconduct continued. At some point, Plaintiff asked Williams to file a grievance only for Williams to tell Defendant Rodney Penson about Plaintiff's request (*id.* at 5).

In March 2020, Challenge Mfg. temporarily laid off Plaintiff and others due to the Coronavirus pandemic (Doc. 17-2 at 1). Plaintiff's last day was March 19, 2020 (*id.*). In June 2020, Plaintiff was recalled from his temporary layoff, but did not return to work (*id.* at 2). After being a "no call, no show" for more than three consecutive days, Plaintiff was terminated on June 23, 2020 (*id.*).

On September 13, 2021, Plaintiff filed a charge (case 14-CA-282823) with the National Labor Relations Board ("NLRB") alleging that Challenge Mfg. had engaged in unfair labor practices (Doc. 23-1). At some point, the investigation was closed (Doc. 23 at 4).

---

claims are based where the parties do not dispute their contents); *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997) (same).

[2] The Court may consider the CBA (Doc. 17-1). Plaintiff's claims turn almost exclusively on the CBA (Doc. 7), and he does not dispute its contents. *See Garcia v. Bimbo Bakeries USA, Inc.*, No. 8:20CV232, 2020 WL 6800418, at *3 (D. Neb. Nov. 19, 2020) ("a trial court can consider a CBA on a motion to dismiss, without converting the motion to one for summary judgment, where the plaintiff's claims are based upon that CBA") (citing *Jenisio v. Ozark Airlines, Inc. Ret. Plan for Agent & Clerical Emps.*, 187 F.3d 970, 972 n.3 (8th Cir. 1999)

On June 22, 2022, Plaintiff filed this action in the Circuit Court of St. Louis County, Missouri, alleging primarily breach of contract based on the CBA (Doc. 7). On August 5, 2022, Challenge Mgf. removed the action to this Court based on federal question jurisdiction (Doc. 1).

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for a motion to dismiss based on the "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, a complaint must show "'that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). The pleading standard of Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). All reasonable inferences from the complaint must

---

(considering CBAs on Rule 12(b)(6) motion to dismiss).

be drawn in favor of the nonmoving party. *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).

### III. Analysis

#### A. Preemption

Defendants argue that Plaintiff's claims are preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301") (Doc. 17 at 4). The Court agrees. Section 301(a) provides, in part, that "[s]uits for violation of contracts between an employer and a labor organization ... or between any such labor organizations, may be brought in any district court of the United States." 29 U.S.C. § 185(a). Section 301(a) "completely preempts state law claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 799 (8th Cir. 1998) (internal quotations omitted). "Where a state law claim is based on a collective bargaining agreement or is 'inextricably intertwined' with the contents of a collective bargaining agreement, the claim is subject to § 301(a) preemption." *Id.* (quoting *Allis–Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

Here, Plaintiff's action is inextricably intertwined with the contents of the CBA. The gravamen of his petition is that Defendants violated the CBA. *See* Doc. 7 at 3 (alleging as his "Cause of Action" breach of contract based on the CBA); *id.* at 5 (referencing various provisions of the CBA, including the grievance and arbitration provision, that may have been violated); *id.* (asserting that the questions of law common to the class include "legitimacy of the contract itself," "whether or not the defendants honored the contract," "whether or not the current contract

4

is an exact copy of its predecessor," and "does this contract extend to all challenge Mfg. company LLC's facilities"); *id.* at 7 (asserting as the "merit" of the action union workers' inability to send a grievance and the harm the CBA is doing to union workers); *id.* at 9 (asserting as a "Claim of relief" breach of contract, as well as negligence based on the grievance and arbitration provision of the CBA). Therefore, the Court will construe Plaintiff's petition as an action under § 301 of the LMRA.

### B. Statute of Limitations

Defendants argue that, construing Plaintiff's petition as an action under § 301 of the LMRA, it is time-barred (Doc. 17 at 6). The Court agrees. Plaintiff brings a "hybrid" § 301 action. A hybrid § 301 action is one in which an employee alleges that the employer breached a collective bargaining agreement, and that the union breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings, whether the employee sues the employer, the union, or both. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 154, 165 (1983). While Plaintiff does not name the union as a defendant, he claims a breach of the duty of fair representation. *See* Doc. 7 at 5 (asserting Plaintiff asked Union Representative Ernest Williams to file a grievance); *id.* at 7 (stating "[a]ll union representatives have failed at their duties for not addressing in writing the grievances of their coworkers (possibly receiving kickbacks, raises, bonuses, and special favors) and should be therefore excluded from relief"); Doc. 23 at 3 (claiming a "[l]ack of proper representation" from his union); *id.* at 4-5 (asserting Plaintiff "attempted to file a grievance with UAW, Local 282 in connection with egregious acts of Reginald Mitchell yet such grievance never went to the National Labor Relations Board via UAW, Local 282"); *id.* at 5 (arguing the union's breach of its duty of fair representation excuses

5

the failure to exhaust contractual remedies); *id.* at 6 (arguing "I made a good faith attempt to invoke all contractual and administrative grievance procedures and … it was my reliance on the Union which alone resulted in my loss of the ability to resort to the Board in a timely fashion").

The six-month limitations period of § 10(b) of the LMRA, 29 U.S.C. § 160(b), applies to hybrid § 301 actions. *DelCostello*, 462 U.S. at 171. The period commences when the employee "'should reasonably have known of the union's alleged breach [of its duty of fair representation].'" *Scott v. UAW Local 879*, 242 F.3d 837, 839 (8th Cir. 2001) (quoting *Evans v. Nw. Airlines, Inc.*, 29 F.3d 438, 441 (8th Cir. 1994)). "An employee acquires actual or constructive knowledge of a claim when the CBA's time limits for filing or further pursuit of a grievance expire." *Garcia v. Bimbo Bakeries USA, Inc.*, No. 8:20CV232, 2020 WL 6800418, at *3 (D. Neb. Nov. 19, 2020) (citing *Cook v. Columbian Chems. Co.*, 997 F.2d 1239, 1241 (8th Cir. 1993)), *appeal dismissed*, No. 20-3500, 2020 WL 9814400 (8th Cir. Dec. 29, 2020).

The CBA in this case sets forth a grievance and arbitration procedure (Doc. 17-1 at 45). A written grievance must be presented within 7 business days of the incident and a written answer provided within 5 business days after that (*id.*). If not resolved, written notification to the company must occur within 5 working days of the answer, a meeting will be held within 20 working days after that, and an answer provided within 10 working days of the meeting (*id.*). The union may appeal within 5 working days, then another meeting will be held within a reasonable period of time, and an answer provided within 10 working days of the meeting (*id.*). The international union then has 10 days from receipt of the answer to appeal to arbitration (*id.* at 46). Thus, the entire grievance process lasts no longer than 72 working/business days from the incident, plus the reasonable time required to hold a meeting on the union's appeal.

6

The events of which Plaintiff complains occurred between June 2019 and March 2020 (Doc. 7 at 3, 5). Even assuming an incident on Plaintiff's last day of work, March 19, 2020, Plaintiff cannot be said to have filed this action within six months of when the CBA's time limits for filing or further pursuit of a grievance expired. Moreover, by the time Plaintiff filed his NLRB charge on September 13, 2021, he surely knew that the union was not pursuing any grievance on his behalf. Yet, he did not file this action until June 22, 2022, more than six months after filing his NLRB charge. Plaintiff has not alleged any positive misconduct by Defendants which would equitably toll the statute of limitations. *See Skyberg v. United Food & Com. Workers Int'l Union, AFL-CIO*, 5 F.3d 297, 302 (8th Cir. 1993) ("Equitable tolling arises only upon some positive misconduct by defendant to toll the statute of limitations, which is deliberately designed to lead the plaintiff not to bring an action within the permissible time.") (internal quotations omitted). Thus, Plaintiff's § 301 claims are time-barred.

**C. Other Claims**

To the extent Plaintiff's petition raises claims outside of the CBA, he has failed to state a claim upon which relief can be granted. In the "Claim of relief" section of his petition, Plaintiff asserts claims based on breach of contract, fraud, breach of fiduciary duties, the tort of outrage, negligence, respondeat superior, and defamation (Doc. 7 at 9, 11). Plaintiff's breach of contract and negligence claims relate to the CBA and are preempted by § 301 and time-barred as set forth above (*id.* at 9). Plaintiff provides only a general definition and no supporting factual nexus for his claims based on fraud, breach of fiduciary duties, and respondeat superior (*id.* at 9, 11).

With regard to the tort of outrage, Plaintiff claims intentional reckless conduct in that Challenge Mfg. allowed Mitchell, Borders, and Penson to bully Plaintiff, among other co-

7

workers (*id.* at 9). Plaintiff has not stated a claim for intentional infliction of emotional distress, also known as the tort of outrage. *See Thomas v. Special Olympics Missouri, Inc.*, 31 S.W.3d 442, 446 (Mo. App. W.D. 2000) (setting forth elements of intentional infliction of emotional distress); *Suber v. St. Louis Cnty.*, No. 4:22-CV-186 RWS, 2022 WL 2713246, at *12 (E.D. Mo. July 13, 2022) (dismissing pro se claim of intentional infliction of emotional distress because plaintiff did not allege all the elements).

With regard to defamation, Plaintiff claims Challenge Mfg. allowed Mitchell to sabotage Plaintiff's employment (Doc. 7 at 9). Plaintiff has not stated a claim for defamation. *See Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 70 (Mo. banc 2000) (setting forth elements of defamation); *Suber*, 2022 WL 2713246 at *12 (dismissing pro se claim of defamation because plaintiff did not allege all the elements).

Finally, Plaintiff makes mention of a free speech claim under the First Amendment (Doc. 7 at 7). Again, Plaintiff has not stated a claim. *See Suber*, 2022 WL 2713246 at *12 (dismissing pro se First Amendment claims because plaintiff failed to identify the speech that was infringed upon or elaborate on how defendants violated his rights).

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Dismiss filed by Defendants Challenge Mgf. Company LLC, Michelle Emerson, and Rodney Penson (Doc. 16) is **GRANTED**. This action is **DISMISSED, with prejudice**.

A separate order of dismissal shall accompany this order.

Dated this 29th day of November, 2022.

                                                        JOHN A. ROSS
                                                        UNITED STATES DISTRICT JUDGE